# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ESTREMA,<br><br>    Plaintiff,<br><br>  v.<br><br>J. R. ROSS, et al.,<br><br>    Defendants. | 1:13-cv-00809-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION (ECF No. 1)<br><br>FOURTEEN-DAY DEADLINE |

### I.     Screening Requirement and Standard

Plaintiff Michael Estrema ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on May 23, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Allegations**

Plaintiff is currently housed at Avenal State Prison.  Plaintiff names the following defendants: (1) J. R. Ross, (2) O. Bailey, (3) R. Zoragoza, (4) J. D. Lozano, (5) C. Miller, and (6) Respondents.  Plaintiff's complaint is entitled "Petitioner's Motion for Preliminary Injunction and/or Protective Order and Brief in Support."

Plaintiff alleges that a notary public is contracted and retained for notary services by the CDCR at no charge to its employees, but notary services are provided for prison inmates only with a charge of ten ($10.00) dollars.  Plaintiff asserts that he is indigent, but requires a notary public for a power of appointment.  Plaintiff seeks to designate an agent on his behalf "for any decisions he may need especially should he become incapacitated in anyway due to whatever reason." (ECF No. 1, p. 4.)  Plaintiff claims that because he is indigent he is being denied the right to designate an agent of his choosing in violation of the Due Process Clause of the Fourteenth Amendment, his First Amendment right to free speech and his Eighth Amendment right to be free from cruel and unusual punishment.

Attached to Plaintiff's moving papers are his inmate grievances and responses to those grievances. Plaintiff seeks injunctive relief.

**III.     Discussion**

Plaintiff's "motion" does not comply with the requirements set forth in the Federal Rules of Civil Procedure for a complaint. Fed. R. Civ. Pro. 7(a), 8(a), 10(a) and (b). For the reasons discussed below, however, the Court does not find that leave to amend is warranted as Plaintiff cannot state a cognizable section 1983 claim.

**1.    Grievance Procedures**

In light of the exhibits attached to Plaintiff's moving papers, it is evident that Plaintiff's claims against the named defendants, R. Zaragoza, C. Miller, J. R. Ross, O. Bailey, and J. D. Lozano, are based on their role in reviewing his inmate appeals. Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). This deficiency cannot be cured by amendment.

**2.    Notary Services**

As a general matter, a prison "can constitutionally require a prisoner to pay a fee for notary services." See, e.g., Woodall v. Schwarzenegger, 2011 WL 864372, *2-3 (S.D. Cal. Mar. 9, 2011) (claim that prison officials denied request for notary public fee waiver did not involve prisoner's conditions of confinement or an inability to access the courts; plaintiff unable to demonstrate actual injury from failure to obtain domestic partnership); Moore v. Rivera, 2008 WL 4832991, *3 (D.S.C. Oct. 30, 2008) (inmate denied access to notary services because he lacked funds in his account; claim for injunctive relief denied where prisoner failed to demonstrate actual injury from inability to execute a deed to real estate); Magi v. Thompson, 2000 WL 34230096, *9 (W.D. Wis. 2000) (plaintiff failed to state a cognizable section 1983 claim based on denial of notary service; no allegation that he suffered any prejudice). There is no indication that Plaintiff has suffered any injury from being unable to execute a power of

attorney based on a speculative need that he may have in the future.  Plaintiff's claim does not implicate his Eighth Amendment conditions of confinement, his First Amendment rights or his due process rights.  <u>Woodall</u>, 2011 WL 864372 at *3 (dismissing prisoner's claim based on failure to provide prisoner with fee waiver for notary public to execute a domestic partnership).

### IV.     Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable section 1983.  The deficiencies in Plaintiff's complaint cannot be cured by amendment and leave to amend shall not be granted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED based on Plaintiff's failure to state a cognizable section 1983 claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 16, 2014**                             /s/ *Barbara A. McAuliffe*
                                                                      UNITED STATES MAGISTRATE JUDGE